[Crim. No. 1211.  First Appellate District, Division One.—April 23, 1925.]

## THE PEOPLE, Respondent, v. CLIFFORD MILES, Appellant.

[1] CRIMINAL LAW—ROBBERY—CONFESSIONS — VOLUNTARY CHARACTER OF—CONCLUSION OF TRIAL COURT—APPEAL—EVIDENCE.—In a prosecution for robbery, where preliminary proof was made that the confession of defendant was free and voluntary, and that said defendant and his codefendant were apprised of the fact that the confessions, if made, could be used against them at the time of trial, the question, therefore, of whether said confessions were the result of the use of intimidation was one primarily for the consideration of the trial court, and since there is substantial evidence in the record to the effect that said confessions were freely and voluntarily made, the conclusion reached by the trial court in admitting them in evidence will not be disturbed on appeal.

---

(1)˙ 16 C. J., p. 926, n. 67; 17 C. J., p. 263, n. 80.

1. See 1 R. C. L. 577.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

Oscar Hudson for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—An appeal by defendant Clifford Miles from a judgment of conviction of the crime of robbery. This is a companion case to *People* v. *Eldridge, ante,* p. 386 [237 Pac. 770]. As stated in the opinion rendered in that case, Eldridge, Miles, and one Charles Davis were jointly charged with robbing one Henry Waxman, shortly before midnight, on April 2, 1924, on Willow Avenue, between Laguna and Octavia Streets, San Francisco. The victim of the robbery positively identified Miles as one of the perpetrators of the crime, and, moreover, Miles made a written confession setting forth the circumstances of the preparation for and the execution of the crime, and of the movements and operations of himself and his two associates on the night in question. All of this evidence is set forth in the opinion in the Eldridge case and it will therefore be unnecessary to again narrate it here. But in addition to the evidence therein stated, as against Miles, the pawnbroker with whom Miles had previously pawned his revolver was produced as a witness. He testified, in corroboration of the confession made by Miles, that on the day of the robbery Miles wanted to pawn an overcoat, but that he refused to lend him any money on it; that Miles then took the coat away and in a few minutes returned with money with which he redeemed the revolver. And it was also proved as against Miles that on the night the crime was committed, while the officer was in Miles' room waiting for him to dress, Miles observed the officer searching the bureau drawers, and inquired as to what he was doing. The officer replied that he was "looking for a gun." Miles then said that he "never had a gun, got no use for a gun." Later at the city prison, after he had confessed, Miles informed the officers where, in his room, he

had placed the revolver; and thereupon the officers searched the room and found the revolver where Miles stated he had hidden it.

Eldridge and Miles were represented by the same counsel, who has submitted their cases on appeal in one brief. In view of the positive identification of Miles by the victim of the robbery, the only point apparently made in support of the Miles appeal is that his written confession was obtained by the use of intimidation. [1] But, as stated in the opinion in the Eldridge case, preliminary proof was made that the confession was free and voluntary, and that both defendants were apprised of the fact that said confessions, if made, could be used against them at the time of trial. The question, therefore, of whether said confessions were the result of the use of intimidation as claimed by the appellant was one primarily for the consideration of the trial court, and since there is substantial evidence in the record to the effect that said confessions were freely and voluntarily made, the conclusion reached by the trial court in admitting them in evidence will not be disturbed. (*People* v. *Wheaton,* 64 Cal. App. 58 [220 Pac. 451].)

The record discloses no error and the judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.